1  Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
2  MATTHEW C. JAIME (SBN 140340)
SARAH M. WOOLSTON (SBN 320510)
3  3638 American River Drive
Sacramento, California 95864
4  Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
5  mjaime@mathenysears.com
swoolston@mathenysears.com
6
Attorneys for Defendant, COSTCO WHOLESALE
7  CORPORATION

8

UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

11  YOLANDA LOPEZ,                            **DEFENDANT COSTCO WHOLESALE
CORPORATION'S NOTICE OF
12                                           REMOVAL**
                 Plaintiffs,
13                                           **[DIVERSITY JURISDICTION]**
      v.
14                                           Complaint filed:  6/18/20
      COSTCO WHOLESALE
15  CORPORATION and DOES 1 to 25,            **Stanislaus County Superior Court, State
inclusive,                               Case No. CV-20-002694**
16
                 Defendant.
17

18

19      **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**

20  **AND HER ATTORNEYS OF RECORD:**

21          PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION

22  hereby removes the matter *Yolanda Lopez v. Costco Wholesale Corporation*; and DOES 1-25

23  inclusive from the Superior Court of California, County of Stanislaus, Case No. CV-20-002694 to

24  the United States District Court for the Eastern District under 28 U.S.C. sections §1441(b), and

25  §1446(b)(3).  Copies of the pleadings and other papers served on the removing defendant in the

26  above-described action are attached to this Notice of Removal as required by 28 U.S.C. § 1446.

27  (See **Exhibits A** Complaint)**, B** (Statement of Damages)**, C** (Plaintiff's Response to Form

28  Interrogatory 2.5)**,** and **D** (Answer).

1

*DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## I.   STATEMENT OF JURISDICTION

1.   As the record demonstrates, the action pending in state court is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the litigants, and the amount in controversy exceeds $75,000.

2.   Based upon information and belief, Plaintiff was a Citizen of California and resident of the County of Stanislaus, California on May 6, 2018, the date of the alleged incident.

3.   Based upon information and belief, Plaintiff was a citizen of California and resident of Stanislaus County, California when she filed the Complaint on June 18, 2020; and based upon information and belief, Plaintiff is a citizen of California and resident of Stanislaus County, California at the time of filing of this Notice of Removal.  (See Plaintiff's Complaint, attached as **Exhibit A.**)

4.   Defendant COSTCO WHOLESALE CORPORATION was on May 6, 2018, the date of the alleged incident, and on June 18, 2020, when Plaintiff filed the Complaint, a Washington Corporation with its principal place of business in Issaquah, Washington.   COSTCO WHOLESALE CORPORATION is at the time of filing this Notice of Removal a Washington Corporation with its principal place of business in Issaquah, Washington.

5.   Plaintiff claims to have suffered general damages and special damages.  (See Statement of Damages, attached as **Exhibit B**.)

6.   Defendant received Plaintiff's Statement of Damages on October 9, 2020. Plaintiff in her statement of damages, based upon information and belief, prepared by her counsel, asserted that she has incurred an excess of $500,000.00 in total damages due to the aforementioned incident at Costco.  (**Exhibit B.**)

7.   Plaintiff stated in her response to Form Interrogatory, No. 2.5 that she has lived in Ceres, CA (Stanislaus County) at the same address since 20010. Attached as **Exhibit C** is a copy of Plaintiff's discovery response.

///

## II.   VENUE

2

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

8.     This action was filed in the Superior Court of California for the County of Stanislaus. Venue properly lies with the United States District Court for the Eastern District of California as the district and division embracing the places where the action is pending. (*See* 28 U.S.C. §84(b) and 1441(a).) Defendant is a corporation doing business in the County of Stanislaus. (Exhibit A, Complaint, ¶ 4.) Consequently, the alleged acts and events Plaintiff complains of occurred in this judicial district. (28 U.S.C. §1391(a).)

**III.   INTRADISTRICT ASSIGNMENT**

9.     Assignment to the United States District Court for the Eastern District in California sitting in Fresno is proper under 28 U.S.C. sections 1331 and 1441(a) and Eastern District of California Rule 120(d) because the state court action was filed and is pending in the County of Stanislaus and Plaintiff is a citizen of California and the alleged acts and events Plaintiff complains of occurred in Stanislaus County.

**IV.   PLEADINGS, PROCESS, AND ORDERS**

10.     On June 18, 2020, Plaintiff filed a Complaint in Stanislaus County Superior Court alleging premises liability and negligence against COSTCO WHOLESALE CORPORATION. A copy of the Summons and Complaint was previously attached as **Exhibit A**.

11.     Defendant received Plaintiff's Statement of Damages on October 9, 2020. Plaintiff in her statement of damages, based upon information and belief, prepared by her counsel, asserted that she has incurred an excess of $500,000.00 in total damages due to the aforementioned incident at Costco. A copy of Plaintiff's Statement of Damages was previously attached as **Exhibit B**.

12.     On September 17, 2020, COSTCO WHOLESALE CORPORATION filed an Answer in Stanislaus County Superior Court in response to the Complaint. A copy of the Answer is attached as **Exhibit D**.

13.     Since the pending $500,000.00 Statement of Damages is Plaintiff's reasonable estimate of her claims, it constitutes the amount in controversy. (See *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 U.S. Dist. LEXIS 150017, at *9 (C.D. Cal. Nov. 4, 2015).) The amount in controversy here of $500,000.00 clearly exceeds the $75,000.00 threshold. Therefore, Plaintiff's valuation of her claims exceed the amount in controversy.

3

1  **V.   DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY**

2      14.    A corporation is a citizen of its state of incorporation and the state in which its

3  principal place of business is located.  (28 U.S.C. 1332(c)(1); *Hertz Corp. v. Friend,* 559 U.S. 77, 80

4  (2010).)  A corporation's principal place of business is ". . . the place where a corporation's officers

5  direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have

6  called the corporation's 'nerve center.'"  (*Id.* at 92-93.)  The "nerve center" is usually its

7  headquarters. (*Id.*)

8      15.    Based upon information and belief, COSTCO WHOLESALE CORPORATION

9  could not ascertain from the face of the Complaint that Plaintiff was a citizen of California.

10      16.    Defendant COSTCO WHOLESALE CORPORATION was on May 6, 2018 when

11  the alleged incident occurred and on June 18, 2020 when Plaintiff filed the Complaint, a

12  Washington Corporation with its principal place of business in Issaquah, Washington.  As such,

13  COSTCO WHOLESALE CORPORATION'S domicile is Washington.  COSTCO WHOLESALE

14  CORPORATION is at the time of filing this Notice of Removal, a Washington Corporation with

15  its principal place of business in Issaquah, Washington.

16      17.    Plaintiff stated in her response to Form Interrogatory, No. 2.5 that she has lived in

17  Ceres, CA (Stanislaus County) at the same address since 2010. Defendant Costco received the

18  discovery responses on October 26, 2020 via the U.S. Mail. Attached as **Exhibit C** is a copy of

19  Plaintiff's discovery response. As such, Plaintiff's domicile is California and has been since at least

20  2010, 8 years before the subject incident.

21      18.    Thus, complete diversity of citizenship exists between the parties pursuant to 28

22  U.S.C. Section 1332(a)(1) because Plaintiff is a citizen of California and COSTCO WHOLESALE

23  CORPORATION is a citizen of Washington.

24      19.    Plaintiff's Request for Statement of Damages indicated she alleges $500,000.00 in

25  total damages due to the aforementioned incident at Costco. The damages of $500,000.00 exceeds

26  the amount in controversy minimum of $75,000. The Statement of Damages was previously

27  produced as **Exhibit B.**

28      20.    With complete diversity and the threshold damages requirement met, this matter is

4

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   removable to federal court.

2   **VI.   TIMELINESS OF REMOVAL**

3       21.   A case is removable on diversity grounds if the parties are completely diverse in

4   their state domicile and the amount in controversy exceeds $75,000. (28 U.S.C. §§ 1332(a), 1446.)

5       22.   Costco confirmed Plaintiff's amount in controversy of $500,000.00, which exceeds

6   $75,000, as well as her domicile from her response to Form Interrogatories, Set One, which

7   Defendant Costco received on October 26, 2020.

8       23.   This matter is removable until 30 days after receipt of information establishing

9   diversity jurisdiction is met. Costco received Plaintiff's Statement of Damages on or about October

10   9, 2020 but could not ascertain Plaintiff's domicile from the Complaint filed June 18, 2020. Costco

11   received Plaintiff's responses to Form Interrogatories, Set One, on October 26, 2020 and was finally

12   able to determine her domicile.

13       24.   Costco is filing this removal within the 30-day period after receipt of written

14   discovery information establishing Plaintiff's domicile.

15       25.   Defendant COSTCO WHOLESALE CORPORATION removes the state court

16   matter to federal court less than 30 days after receipt of the discovery response establishing domicile

17   were served. The domicile, combined with the previously received amount in controversy, are the

18   two requisites for diversity jurisdiction.

19       26.   Thus, Costco timely removed this action to the United States District Court for the

20   Eastern District of California.

21   **VII.   NOTICE TO PLAINTIFF AND STATE COURT**

22       27.   Written notice of this filing will be given to Plaintiff's Counsel of Record and a copy

23   of the Notice of Removal will be filed with the Clerk of the Stanislaus County Superior Court.

24   **VIII.   CONCLUSION**

25       28.   For all the foregoing reasons, Defendant removes this action to the United States

26   District Court for the Eastern District of California from the Stanislaus County Superior Court.

27   Dated: November 20 , 2020                    **MATHENY SEARS LINKERT & JAIME LLP**

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5

1

2

3                                                    By: /s/ Matthew C. Jaime
                                                         MATTHEW C. JAIME,
4                                                        Attorneys for Defendant COSTCO
                                                         WHOLESALE CORPORATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

6

*DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL*

# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Maria C. Jaime 231502<br>Curtis Legal Group, A Prof. Law Corp.<br>P.O. Box 3030 / 1300 K St., Suite B<br>Modesto, CA 95353<br>TELEPHONE NO.: (209) 521-1800    FAX NO.*(Optional):* (209) 572-3501<br>E-MAIL ADDRESS *(Optional):*  MJaime@CurtisLegalGroup.com<br>ATTORNEY FOR *(Name):* Yolanda Lopez | Electronically Filed<br>6/18/2020 10:38 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Narelly Garcia, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: City Towers, 4th Floor
MAILING ADDRESS: 801 10th Street
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME:

PLAINTIFF: Yolanda Lopez

DEFENDANT: Costco Wholesale Corporation, and

[X] DOES 1 TO 25, inclusive

**$435 PAID**

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE    [X] OTHER *(specify):* Premises Liability
[ ] Property Damage    [ ] Wrongful Death
[ ] Personal Injury    [X] Other Damages *(specify):*

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | CV-20-002694 |

1.  **Plaintiff** *(name or names):* Yolanda Lopez

    alleges causes of action against **defendant** *(name or names):* Costco Wholesale Corporation, and
    Does 1 to 25, inclusive
2.  This pleading, including attachments and exhibits, consists of the following number of pages: 4
3.  Each plaintiff named above is a competent adult
    a. [ ] **except plaintiff** *(name):*
       (1) [ ] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] a public entity *(describe):*
       (4) [ ] a minor  [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
       (5) [ ] other *(specify):*

       Silveira, Marie Sovey
       This case has been assigned to Judge
       Dept. 21
       Department ____ for all purposes including Trial.

    b. [ ] **except plaintiff** *(name):*
       (1) [ ] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] a public entity *(describe):*
       (4) [ ] a minor  [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
       (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]    CEB.com    Essential Forms

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez vs. Costco Wholesale Corporation | |

4. ☐ **Plaintiff** *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except defendant** *(name):*
      Costco Wholesale Corporation
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except defendant** *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except defendant** *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except defendant** *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 25 were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 25 are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

Page 2 of 3

CEB® | Essential Forms
ceb.com

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez vs. Costco Wholesale Corporation | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)* :

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)* :
      costs of suit; such other and further relief as the Court may deem just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
   including but not limited to: paragraphs 1 through 24, inclusive; First Cause of Action

Date: June 18, 2020

Maria C. Jaime
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez vs. Costco Wholesale Corporation | |

<table>
<tr><td>FIRST<br>(number)</td><td>CAUSE OF ACTION - Premises Liability</td><td>Page 4</td></tr>
</table>

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff incorporates herein, as though fully set forth, all paragraphs and causes of action of this complaint.

Prem.L-1. Plaintiff *(name)*: Yolanda Lopez
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date)*: May 6, 2018    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
While a patron of Costco, located at 2955 North Tegner Road, Turlock, County of Stanislaus, California, Plaintiff Yolanda Lopez slipped and fell on a what appeared to be a piece of ham that was on the floor. Defendants negligently failed to remove the substance and/or warn regarding the substance. As a result, Plaintiff sustained serious and permanent injuries and damages; pain and suffering; and losses as alleged herein.

Prem.L-2.    [X] **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
Costco Wholesale Corporation and

[X] Does    1    to    25

Prem.L-3.    [ ] **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.    [ ] **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:

[X] Does 1 to 15
b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [X] as follows *(names)*:
Does 16 through 25, inclusive, negligently and carelessly created a dangerous condition and failed to guard and/or warn against said dangerous condition.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]    **CAUSE OF ACTION - Premises Liability**    Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
CEB® Essential Forms
ceb.com

# EXHIBIT B

CIV-050

*- DO NOT FILE WITH THE COURT -*
*- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Maria C. Jaime          (209) 521-1800<br>SBN 231502           (209) 572-3501<br>Curtis Legal Group, A Prof. Law Corp.<br>P.O. Box 3030 / 1300 K St., Suite B<br>Modesto, CA 95353<br>ATTORNEY FOR *(Name):* Yolanda Lopez | *FOR COURT USE ONLY*<br>✓ permit |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus<br>STREET ADDRESS: City Towers, 4th Floor<br>MAILING ADDRESS: 801 10th Street<br>CITY AND ZIP CODE: Modesto, CA 95354<br>BRANCH NAME | |
| PLAINTIFF: Yolanda Lopez<br>DEFENDANT: Costco Wholesale Corporation | |
| **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | CASE NUMBER<br>CV-20-002694 |

To *(name of one defendant only):* Costco Wholesale Corporation
Plaintiff *(name of one plaintiff only):* Yolanda Lopez
seeks damages in the above-entitled action, as follows:

                                                                                          AMOUNT

1. **General damages**
   a. ☒ Pain, suffering, and inconvenience................................................. $     269,317.64
   b. ☒ Emotional distress .......................................................................... $     134,660.00
   c. ☐ Loss of consortium .......................................................................... $ _____
   d. ☐ Loss of society and companionship *(wrongful death actions only)* ......... $ _____
   e. ☐ Other *(specify)* ............................................................................... $ _____
   f. ☐ Other *(specify)* ............................................................................... $ _____
   g. ☐ Continued on Attachment 1.g.

2. **Special damages**
   a. ☒ Medical expenses *(to date)* ........ ... .. .. ................................... $     8,022.36
   b. ☒ Future medical expenses *(present value)* ....................................... $     88,000.00
   c. ☒ Loss of earnings *(to date)* ........................................................... $     TBD
   d. ☒ Loss of future earning capacity *(present value)* ............................ $     TBD
   e. ☐ Property damage ............................................................................ $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* ............................. $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* .. $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. ☐ Other *(specify)* ............................................................................... $ _____
   j. ☐ Other *(specify)* ............................................................................... $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*   $ _____
   when pursuing a judgment in the suit filed against you.

Date: 10/7/20

Maria C. Jaime
(TYPE OR PRINT NAME)              ► _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                        (Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
*www.courtinfo.ca.gov*

CEB | Essential
ceb.com | Forms

CIV-050

| PLAINTIFF: Yolanda Lopez | CASE NUMBER: |
|---|---|
| DEFENDANT: Costco Wholesale Corporation | |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. [X] Statement of Damages   [ ] Other *(specify)* :

   b. on *(name)*: Costco Wholesale Corporation
   c. by serving   [ ] defendant   [X] other *(name and title or relationship to person served)*: Matthew C. Jaime
   Attorney

   d. [ ] by delivery   [ ] at home   [ ] at business
      (1) date:
      (2) time:
      (3) address:

   e. [X] by mailing
      (1) date: October 7, 2020
      (2) place: 1300 K Street, Modesto, CA 95353

2. Manner of service *(check proper box)* :
   a. [ ] **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. [ ] **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. [ ] **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20 (b)) *(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)*
   d. [X] **Mail and acknowledgment service.** By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) *(Attach completed acknowledgment of receipt.)*
   e. [ ] **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) *(Attach signed return receipt or other evidence of actual delivery to the person served.)*
   f. [ ] Other *(specify code section)*:
      [ ] additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. [ ] California sheriff, marshal, or constable
   b. [ ] Registered California process server
   c. [ ] Employee or independent contractor of a registered California process server
   d. [ ] Not a registered California process server
   e. [X] Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address, and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 7, 2020

_____
(SIGNATURE)

*(For California sheriff, marshal or constable use only)*
I certify that the foregoing is true and correct.
Date:

_____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

CEB Essential Forms
ceb.com

MCJ

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Maria C. Jaime                                             231502<br>Curtis Legal Group, A Prof. Law Corp.<br>P.O. Box 3030 / 1300 K St., Suite B<br>Modesto, CA 95353<br>TELEPHONE NO.: (209) 521-1800     FAX NO. *(Optional):* (209) 572-3501<br>E-MAIL ADDRESS *(Optional):* MJaime@CurtisLegalGroup.com<br>ATTORNEY FOR *(Name):* Yolanda Lopez | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus<br>STREET ADDRESS: City Towers, 4th Floor<br>MAILING ADDRESS: 801 10th Street<br>CITY AND ZIP CODE: Modesto, CA 95354<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Yolanda Lopez<br><br>DEFENDANT/RESPONDENT: Costco Wholesale Corporation | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** | **CASE NUMBER:**<br>CV-20-002694 |

TO *(insert name of party being served):* Costco Wholesale Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 7, 2020

Linda Liesenfeld
            (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
   Statement of Damages


*(To be completed by recipient)*:

Date this form is signed:

_____              _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY  IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]    CEB   Essential<br>ceb.com   Forms            **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**            Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

MCJ

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Maria C. Jaime                              231502<br>Curtis Legal Group, A Prof. Law Corp.<br>P.O. Box 3030 / 1300 K St., Suite B<br>Modesto, CA 95353<br>TELEPHONE NO.: (209) 521-1800    FAX NO. *(Optional)* (209) 572-3501<br>E-MAIL ADDRESS *(Optional)*: MJaime@CurtisLegalGroup.com<br>ATTORNEY FOR *(Name)*: Yolanda Lopez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Stanislaus
STREET ADDRESS: City Towers, 4th Floor
MAILING ADDRESS: 801 10th Street
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME:

PLAINTIFF/PETITIONER: Yolanda Lopez

DEFENDANT/RESPONDENT: Costco Wholesale Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>CV-20-002694 |
|---|---|

TO *(insert name of party being served)*: Costco Wholesale Corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 7, 2020

Linda Liesenfeld
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   Statement of Damages

*(To be completed by recipient)*:

Date this form is signed:

_____                    ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY  IF ANY          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS 015 [Rev. January 1, 2005]    CEB    Essential
                                  ceb.com  ⌐Forms

NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

MCJ

# EXHIBIT C

1  Maria C. Jaime, 231502
   Curtis Legal Group
2  A Professional Law Corporation
   1300 K Street, Suite B
3  Modesto, CA  95353
   (209) 521-1800
4  (209) 572-3501
   MJaime@CurtisLegalGroup.com
5
   Attorney for Plaintiff, YOLANDA LOPEZ
6

7

8  YOLANDA LOPEZ,                        Case No: CV-20-002694

9              Plaintiff,               **YOLANDA LOPEZ'S RESPONSE TO**
                                        **FORM INTERROGATORIES, SET ONE**
10  v.

11  COSTCO WHOLESALE
    CORPORATION,
12
                Defendant.
13
    PROPOUNDING PARTY: COSTCO WHOLESALE CORPORATION
14
    RESPONDING PARTY: YOLANDA LOPEZ
15
    SET ONE
16
    Comes now plaintiff, YOLANDA LOPEZ and answers Form Interrogatories, Set One, as
17
    follows:
18
         It should be noted that the responding party has not fully completed investigation
19
    of the facts relating to this case, has not fully completed discovery in this action, and
20
    has not completed preparation for the trial.
21
         All of the answers contained herein are based only upon such information and
22
    documents which are presently available to and specifically known to the responding
23
    party and disclose only those contentions which presently occur to such responding
24
    party.  It is anticipated that further discovery, independent investigation, legal research
25
    and analysis may supply additional facts, add meaning to the known facts, as well as
26
    establish entirely new factual conclusions and legal contentions, all of which may lead
27
    to substantial additions to, changes in and variations from the contentions herein set
28
    forth.  The following interrogatory responses are given without prejudice to the

    _____
    **YOLANDA LOPEZ ARROYO'S RESPONSES TO FORM INTERROGATORIES, SET ONE**                  1

1  responding party's right to produce evidence of any subsequently discovered fact or

2  facts which the responding party may later recall.

3        The responding party accordingly reserves the right to change any and all

4  answers herein as additional facts are ascertained, analyses are made, legal research

5  is completed and contentions are made.  The answers contained herein are made in a

6  good faith effort to supply as much factual information and as much specification of

7  legal contentions as is presently known but should in no way be to the prejudice of

8  plaintiff in relation to further discovery, research or analysis.

9        This response is made in a good faith effort to comply with requested discovery,

10  despite the fact that some of the information or documents supplied are potentially

11  privileged by reason of the attorney work product privilege or other protection.  By

12  supplying this information and/or documents, this responding party expressly states that

13  any such privileges continue to be preserved in all other respects, with respect to all

14  other information and/or documents.

15        In addition, answers which are sought by and which may be produced by reason

16  of these interrogatories may be discoverable, but may not be admissible at trial,

17  arbitration or similar proceedings.  By providing answers in response to interrogatories,

18  the responding party in no way wishes to be deemed to have waived any privileges or

19  other protections which might be asserted to prevent similar provisions from being

20  admissible at trial.

21  **Form Interrogatory No. 1.1:**

22  State the name, address, telephone number, and relationship to you of each person

23  who prepared or assisted in the preparation of the responses to these interrogatories.

24  **Response to Interrogatory No. 1.1:**

25  Maria C. Jaime, 1300 K Street, Modesto, CA 95354, 209-521-1800, Attorney

26  **Form Interrogatory No. 2.1:**

27  State:

28        a)    Your name:

1   b)      every name you have used in the past:

2   c)      the dates you have used each name.

3   **Response to Interrogatory No. 2.1:**

4   a)      Yolanda Lopez Arroyo

5   b)      Yolanda Lopez Salcedo

6   c)      Yolanda Lopez Arroyo - 8 years; Yolanda Lopez Salcedo - more than 20

7           years

8   **Form Interrogatory No. 2.2:**

9   State the date and place of your birth.

10  **Response to Interrogatory No. 2.2:**

11  December 14, 1972; Michoacan, Mexico

12  **Form Interrogatory No. 2.3:**

13  At the time of the incident, did you have a driver's license?  If so, state:

14  a)      The state or other issuing entity;

15  b)      The license number and type;

16  c)      The date of issuance;

17  d)      All restrictions.

18  **Response to Interrogatory No. 2.3:**

19          Objection. Irrelevant, not reasonably calculated to lead to admissible evidence.

20  **Form Interrogatory No. 2.4:**

21  At the time of the incident, did you have any other permit or license for the operation of

22  a motor vehicle?  If so, state:

23  a)      The state or other issuing entity;

24  b)      the license number and type;

25  c)      the date of issuance;

26  d)      all restrictions.

27  **Response to Interrogatory No. 2.4:**

28          **Objection.** Irrelevant, not reasonably calculated to lead to admissible evidence.

1  **Form Interrogatory No. 2.5**

2  State:

3      a)    Your present residence address;

4      b)    your residence addresses for the last five years;

5      c)    the dates you lived at each address.

6  **Response to Interrogatory No. 2.5:**

7      a)    2132 Moffet Road, Ceres, CA 95307

8      b)    2132 Moffet Road, Ceres, CA 95307

9      c)    Since 2010

10  **Form Interrogatory No. 2.6**

11  State:

12      a)    the name, address, and telephone number of your present employer or

13          place of self-employment;

14      b)    the name, address, dates of employment, job title, and nature of work for

15          each employer or self-employment you have had from five years before

16          the incident until today.

17  **Response to Interrogatory No. 2.6:**

18      I am not currently working.

19  **Form Interrogatory No. 2.7:**

20  State:

21      a)    the name and address of each school or other academic or vocational

22          institution you have attended beginning with high school;

23      b)    the dates you attended;

24      c)    the highest grade level you have completed;

25      d)    the degrees received.

26  **Response to Interrogatory No. 2.7:**

27      I did not attend high school.

28

1  **Form Interrogatory No. 2.8**

2  Have you ever been convicted of a felony?  If so, for each conviction state:

3      a)    the city and state where you were convicted;

4      b)    the date of conviction;

5      c)    the offense;

6      d)    the court and case number

7  **Response to Interrogatory No. 2.8:**

8      No, I have never been convicted of a felony.

9  **Form Interrogatory No. 2.9:**

10  Can you speak English with ease?  If not, what language and dialect do you normally

11  use?

12  **Response to Interrogatory No. 2.9:**

13      No, I cannot speak English with ease. Spanish; Mexican

14  **Form Interrogatory No. 2.10:**

15  Can you read and write English with ease?  If not, what language and dialect do you

16  normally use?

17  **Response to Interrogatory No. 2.10:**

18      No, I do not read or write English with ease. Spanish; Mexican.

19  **Form Interrogatory No. 2.11:**

20  At the time of the incident were you acting as an agent or employee for any person?  If

21  so, state:

22      a)    The name, address, and telephone number of that person;

23      b)    a description of your duties.

24  **Response to Interrogatory No. 2.11:**

25      No, I was not acting as an agent or employee for any person.

26  **Form Interrogatory No. 2.12:**

27  At the time of the incident did you or any other person have any physical, emotional, or

28  mental disability or condition that may have contributed to the occurrence of the

---

1  incident?  If so, for each person state:

2      a)    The name, address, and telephone number;

3      b)    the nature of the disability or condition;

4      c)    the manner in which the disability or condition contributed to the

5      occurrence of the incident.

6  **Response to Interrogatory No. 2.12:**

7      No, I did not have any contributing physical, mental or emotional disabilities

8  **Form Interrogatory No. 2.13**

9  Within 24 hours before the incident did you or any person involved in the incident use or

10  take any of the following substances: alcoholic beverage, marijuana, or other drug or

11  medication of any kind (prescription or not)?  If so, for each person state:

12      a)    The name, address, and telephone number

13      b)    the nature or description of each substance;

14      c)    the quantity of each substance used or taken;

15      d)    the date and time of date when each substance was used or taken;

16      e)    the address where each substance was used or taken;

17      f)    the name, address, and telephone number of each person who was

18      present when each substance was used or taken;

19      g)    the name, address, and telephone number of any health care provider

20      that prescribed or furnished the substance and the condition for which it

21      was prescribed or furnished.

22  **Response to Interrogatory No. 2.13:**

23      No, I did not use or consume any type of substance.

24  **Form Interrogatory No. 4.1:**

25  At the time of the incident, was there in effect any policy of insurance through which you

26  were or might be insured in any manner (for example, primary, pro-rata, or excess

27  liability coverage or medical expense coverage) for the damages, claims, or actions that

28  have arisen out of the incident?  If so, for each policy state:

1     a)     The kind of coverage;

2     b)     the name, and address of the insurance company;

3     c)     the name, address, and telephone number of each named insured;

4     d)     the policy number;

5     e)     the limits of coverage for each type of coverage contained in the policy;

6     f)     whether any reservation of rights or controversy or coverage dispute

7             exists between you and the insurance company;

8     g)     the name; address, and telephone number of the custodian of the policy.

9    **Response to Interrogatory No. 4.1:**

10    Yes.

11     a)     Medi-Cal Health Insurance

12     b)     Department of Health Care Services, Recovery Section 4720, P.O. Box

13             997425, Sacramento, CA 95899-7425

14     c)     Yolanda Lopez Salcedo, 2132 Moffet Road, Ceres, CA 95307, (209) 496-

15             7525

16     d)     Medi-Cal ID Number C92944050E

17     e)     Emergency Medical Services

18     f)     Not applicable

19     g)     Yolanda Lopez Salcedo, 2132 Moffet Road, Ceres, CA 95307, (209) 496-

20             7525

21    **Form Interrogatory No. 6.1:**

22    Do you attribute any physical, mental, or emotional injuries to the incident?  If your

23    answers is "no," do not answer interrogatories 6.2 through 6.7.

24    **Response to Interrogatory No. 6.1:**

25    Yes. I have physical injuries.

26    **Form Interrogatory No. 6.2:**

27    Identify each injury you attribute to the incident and the area of your body affected.

28

1  **Response to Interrogatory No. 6.2:**

2        Internal derangement of the left knee, including medial and lateral meniscal tear,

3  and chronic lumbar strain.

4  **Form Interrogatory No. 6.3:**

5  Do you still have any complaints that you attribute to the incident?  If so, for each

6  complaint state:

7        a)     A description;

8        b)     whether the complaint is subsiding, remaining the same, or becoming

9                worse;

10        c)     the frequency and duration.

11  **Response to Interrogatory No. 6.3:**

12        Yes.

13        a)     I am still experiencing pain when I walk, sleep, stand or move from a

14                sitting position to standing position.

15        b)     The pain is becoming worse. I am finding it more difficult to tolerate.

16        c)     The pain is constant for most of the day.

17  **Form Interrogatory No. 6.4:**

18  Did you receive any consultation or examination (except from expert witnesses covered

19  by Code of Civil Procedure section 2034) or treatment from a health care provider for

20  any injury you attribute to the incident?  If so, for each health care provider state:

21        a)     The name, address, and telephone number;

22        b)     the type of consultation, examination, or treatment provided;

23        c)     the dates you received consultation, examination, or treatment;

24        d)     the charges to date.

25  **Response to Interrogatory No. 6.4:**

26        Yes.

27        a)     Doctors Medical Center, 1141 Florida Avenue, Modesto, CA 95350; (209)

28                578-1211;

| | | |
|---|---|---|
| 1 | b) | Emergency Room examination; |
| 2 | c) | May 7, 2018; |
| 3 | d) | $2,456.26 (Including CEP America Emergency Physician billing). |
| 4 | a) | Del Valle Clinic, 2116 E. Orangeburg Avenue, Suite C, Modesto, CA |
| 5 | | 95350; (209) 589-1500; |
| 6 | b) | Evaluation; |
| 7 | c) | September 19, 2018; |
| 8 | d) | $460.00. |
| 9 | a) | Modesto Radiology Imaging, 1524 McHenry Avenue, Suite 100, Modesto, |
| 10 | | CA 95350; (209) 577-4444; |
| 11 | b) | Magnetic resonance Imaging; |
| 12 | c) | October 1, 2018; |
| 13 | d) | $2,201.00. |
| 14 | a) | Morteza Farr, D.O. Inc., Orthopedic & Spine Surgery, 1144 Norman Drive, |
| 15 | | #104, Manteca, CA 95336; (209) 456-5516; |
| 16 | b) | Evaluation; |
| 17 | c) | February 22, 2019; |
| 18 | d) | $1,371.00. |
| 19 | a) | Les A. Konkin, M.D., Inc., Orthopedic Surgeon, 1425 West H Street, Suite |
| 20 | | 300, Oakdale, CA 95361; (209) 605-6469 |
| 21 | b) | Evaluation; |
| 22 | c) | August 20, 2020; |
| 23 | d) | $1,500.00 |

24 **Form Interrogatory No. 6.5:**

25 Have you taken any medication, prescribed or not, as a result of injuries that you

26 attribute to the incident? If so, for each medication state:

27     a)    The name;

28     b)    the person who prescribed or furnished it;

1    c)    the date prescribed or furnished;

2    d)    the dates you began and stopped taking it;

3    e)    the cost to date.

4    **Response to Interrogatory No. 6.5:**

5    Yes. I have taken prescribed medication.

6    a)    naproxen (Naprosyn 375 mg oral tablet)

7    b)    Doctors Medical Center

8    c)    Prescribed May 7, 2018

9    d)    Started May 8, stopped when I ran out.

10   e)    Paid by Medi-Cal

11   a)    traMadol (traMadol 50 mg oral tablet)

12   b)    Doctors Medical Center

13   c)    Prescribed May 7, 2018

14   d)    Started on May 8, stopped when I ran out.

15   e)    Paid by Medi-Cal

16   **Form Interrogatory No. 6.6:**

17   Are there any other medical services not previously listed (for example, ambulance,

18   nursing, prosthetics)?  If so, for each service state:

19   a)    the nature;

20   b)    the date;

21   c)    the cost;

22   d)    the name, address, and telephone number of each provider.

23   **Response to Interrogatory No. 6.6:**

24   No, there are no other medical services.

25   **Form Interrogatory No. 6.7:**

26   Has any health care provider advised that you may require future or additional

27   treatment for any injuries that you attribute to the incident?  If so, for each injury state:

28   a)    the name and address of each health care provider;

1        b)     the complaints for which the treatment was advised;

2        c)     the nature, duration, and estimated cost of the treatment.

3  **Response to Interrogatory No. 6.7:**

4       Yes, I was recommended additional treatment by Dr. Konkin.

5        a)     Les A. Konkin, M.D., Inc., Orthopedic Surgeon, 1425 West H Street, Suite

6              300, Oakdale, CA 95361;

7        b)     Internal derangement of the left knee, including medial and lateral

8              meniscal tear, and chronic lumbar strain;

9        c)     Physiotherapy for her left knee and low back; one month; undetermined

10             amount; intra-articular corticosteroid injection to the knee, at least one

11             injection; undetermined amount; arthroscopic surgery on the left knee;

12             undetermined amount.

13  **Form Interrogatory No. 7.1:**

14  Do you attribute any loss of or damage to a vehicle or other property to the incident?  If

15  so, for each item of property;

16        a)     Describe the property;

17        b)     describe the nature and location of the damage to the property;

18        c)     state the amount of damage you are claiming for each item of property

19             and how the amount was calculated;

20        d)     if the property was sold, state the name, address, and telephone number

21             of the seller the date of sale, and the sale price.

22  **Response to Interrogatory No. 7.1:**

23       Not applicable.

24  **Form Interrogatory No. 7.2:**

25  Has a written estimate or evaluation been made for any item of property referred to in

26  your answer to the preceding interrogatory?  If so, for each estimate or evaluation state:

27        a)     The name, address, and telephone number of the person who prepared it

28             and the date prepared;

b)    the name, address, and telephone number of each person who has a
      copy;

c)    the amount of damage stated.

**Response to Interrogatory No. 7.2:**

    Not applicable.

**Form Interrogatory No. 7.3:**

Has any item of property referred to in your answer to interrogatory 7.1 been repaired?
If so, for each item state:

a)    The date repaired;

b)    the description of the repair;

c)    the repair cost;

d)    the name, address, and telephone number of the person who repaired it

e)    the name, address, and telephone number of the person who paid for the
      repair.

**Response to Interrogatory No. 7.3:**

    Not applicable

**Form Interrogatory No. 8.1:**

Do you attribute any loss of income or earning capacity to the incident?  If you answer
is "no," do not answer interrogatories 8.2 through 8.8.

**Response to Interrogatory No. 8.1:**

    Yes, I have not been able to accept work due to the incident.

**Form Interrogatory No. 8.2:**

State:

a)    The nature of your work;

b)    your job title at the time of the incident;

c)    the date your employment began.

**Response to Interrogatory No. 8.2:**

a)    Retail

1   b) Vendor

2   c) I have worked this for years.

3 **Form Interrogatory No. 8.3:**

4 State the last date before the incident that you worked for compensation.

5 **Response to Interrogatory No. 8.3:**

6   The day before the accident was the last day I worked.

7 **Form Interrogatory No. 8.4**

8 State your monthly income at the time of the incident and how the amount was

9 calculated.

10 **Response to Interrogatory No. 8.4:**

11   I earned approximately $1,000 to $1,500 depending on the weather as I sold at

12 Farmer's Market.

13 **Form Interrogatory No. 8.5:**

14 State the date you returned to work at each place of employment following the incident.

15 **Response to Interrogatory No. 8.5:**

16   I have not returned to work.

17 **Form Interrogatory No. 8.6:**

18 State the dates you did not work and for which you lost income.

19 **Response to Interrogatory No. 8.6:**

20   I have not been able to work Friday, Saturday and Sunday of every week from

21 the day of the incident forward.

22 **Form Interrogatory No. 8.7:**

23 State the total income you have lost to date as a result of the incident and how the

24 amount was calculated.

25 **Response to Interrogatory No. 8.7:**

26   **Objection.** Calls for expert opinion on discovery answer; reserve right to support

27 this response.

28

1   **Form Interrogatory No. 8.8:**

2   Will you lose income in the future as a result of the incident?  If so, state:

3       a)      The facts upon which you base this contention;

4       b)      an estimate of the amount;

5       c)      an estimate of how long you will be unable to work;

6       d)      how the claim for future income is calculated.

7   **Response to Interrogatory No. 8.8:**

8           Yes, I cannot do anything.

9       a)      I am in pain when I sit or stand or walk. I was recommended more

10              treatment. I was recommended surgery.

11      b)      Unknown.

12      c)      Unknown.

13      d)      Unknown.

14  **Form Interrogatory No. 9.1:**

15  Are there any other damages that you attribute to the incident?  If so, for each item of

16  damage state:

17      a)      The nature;

18      b)      the date it occurred;

19      c)      the amount;

20      d)      the name, address, and telephone number of each person to whom an

21              obligation was incurred.

22  **Response to Interrogatory No. 9.1:**

23          Cost of my future surgery, physical therapy and ongoing future wage loss.

24  **Form Interrogatory No. 9.2:**

25  Do any documents support the existence or amount of any item of damages claimed in

26  interrogatory 9.1?  If so, state the name, address, and telephone number of the person

27  who has each document.

28

1  **Response to Interrogatory No. 9.2:**

2      Not applicable.

3  **Form Interrogatory No. 10.1:**

4  At any time before the incident did you have complaints or injuries that involved the

5  same part of your body claimed to have been injured in the incident?  If so, for each

6  state:

7          a)      A description;

8          b)      the dates it began and ended;

9          c)      the name, address, and telephone number of each health care provider

10                 whom you consulted or who examined or treated you.

11 **Response to Interrogatory No. 10.1:**

12      No, I was not in pain prior to the incident.

13 **Form Interrogatory No. 10.2:**

14 List physical, mental, and emotional disabilities you had immediately before the

15 incident.  (You may omit mental or emotional disabilities unless you attribute any mental

16 or emotional injury to the incident.)

17 **Response to Interrogatory No. 10.2:**

18      None.

19 **Form Interrogatory No. 10.3:**

20 At any time after the incident, did you sustain injuries of the kind for which you are now

21 claiming damages.  If so, for each incident state:

22          a)      the date and the place it occurred;

23          b)      the name, address, and telephone number of any other person involved;

24          c)      the nature of any injuries you sustained;

25          d)      the name, address, and telephone number of each health care provider

26                 that you consulted or who examined or treated you;

27          e)      the nature of the treatment and its duration.

28

1  **Response to Form Interrogatory 10.3:**

2  No, I was not injured after the incident.

3  **Form Interrogatory No.  11.1:**

4  Except for this action, in the last ten years have you filed an action or made a written

5  claim or demand for compensation for your personal injuries?  If so, for each action,

6  claim, or demand state:

7      a)    the date, time, and place and location of the incident (closest street

8          address or intersection);

9      b)    the name, address, and telephone number of each person against whom

10          the claim was made or action filed;

11      c)    the court, names of the parties, and case number of any action filed;

12      d)    the name, address, and telephone number of any attorney representing

13          you;

14      e)    whether the claim or action has been resolved or is pending.

15  **Response to Interrogatory No. 11.1:**

16  No, I have not filed another personal injury claim.

17  **Form Interrogatory No. 11.2:**

18  In the last ten years have you made a written claim or demand for workers'

19  compensation benefits?  If so, for each claim or demand state:

20      a)    the date, time, and place of the incident giving rise to the claim;

21      b)    the name, address and telephone number of your employer at the time of

22          the injury;

23      c)    the name, address and telephone number of the workers' compensation

24          insurer and the claim number;

25      d)    the period of time during which you received workers' compensation

26          benefits;

27      e)    a description of the injury;

28      f)    the name, address, and telephone number of any health care provider

1    that provided services;

2    g)    the case number at the Workers' Compensation Appeals Board.

3    **Response to Interrogatory No. 11.2:**

4    No, I have not filed a workers' compensation claim.

5

6    **Form Interrogatory No. 12.1:**

7    State the name, address, and telephone number of each individual:

8    a)    Who witnessed the incident or the events occurring immediately before or

9        after the incident;

10   b)    who made any statement at the scene of the incident;

11   c)    who heard any statements made about the incident by any individual at

12       the scene;

13   **Response to Interrogatory No. 12.1:**

14   **Objection.**  This interrogatory seeks information which may be protected from

15   disclosure by the attorney-client privilege and attorney work-product doctrine.  Without

16   waiving these objections, this responding party states:

17   Discovery and investigation are continuing.  However, to the best of this responding

18   party's knowledge at this time, the response to this interrogatory is, but may not be

19   limited to:     There may be individuals whose identities are unknown to this responding

20   party at this time, who witnessed this incident, who have information regarding the

21   incident, who made statements at the scene, and/or who heard statements about the

22   incident.  Discovery and investigation are continuing.

23   **Form Interrogatory No. 12.2:**

24   Have you or anyone acting on your behalf interviewed any individual concerning the

25   incident?  If so, for each individual state:

26   a)    The name, address, and telephone number of the individual interviewed:

27   b)    the date of the interview;

28   c)    the name, address, and telephone number of the person who conducted

1    the interview.

2    **Response to Interrogatory No. 12.2:**

3    **Objection.**   This interrogatory seeks information which may be protected from

4    disclosure by the attorney-client privilege and attorney work-product doctrine.

5    **Form Interrogatory No. 12.3:**

6    Have you or anyone acting on your behalf obtained a written or recorded statement

7    from any individual concerning the incident?  If so, for each statement state:

8          a)    The name, address, and telephone number of the individual from whom

9              the statement was obtained;

10         b)    the name, address, and telephone number of the individual who obtained

11             the statement;

12         c)    the date the statement was obtained;

13         d)    the name, address, and telephone number of each person who has the

14             original statement or a copy.

15   **Response to Form Interrogatory 12.3:**

16         No.

17   **Form Interrogatory No. 12.4:**

18   Do you or anyone acting on your behalf know of any photographs, films, or videotapes

19   depicting any place, object, or individual concerning the incident or plaintiff's injuries?  If

20   so, state:

21         a)    the number of photographs of feet of film or videotape;

22         b)    the places, objects, or persons photographed, filmed, or videotaped;

23         c)    the date the photographs, films, or videotapes were taken;

24         d)    the name, address, and telephone number of the individual taking the

25             photographs, films, or videotapes;

26         e)    the name, address, and telephone number of each person who has the

27             original or a copy.

28

**Response to Form Interrogatory 12.4:**

No.

**Form Interrogatory No. 12.5:**

Do you or anyone acting on your behalf know of any diagram, reproduction, or model or any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure section 2034) concerning the incident?  If so, for each item state:

    a)    the type (i.e., diagram, reproduction, or model);

    b)    the subject matter;

    c)    the name, address, and telephone number of each person who has it.

**Response to Form Interrogatory 12.5:**

No, I do not know of any diagram, reproduction or any other model of the incident.

**Form Interrogatory No. 12.6:**

Was a report made by any person concerning the incident?  If so, state:

    a)    The name, title, identification number, and employer of the person who made the report;

    b)    the date and type of report made;

    c)    the name, address, and telephone number of the person for whom the report was made.

**Response to Form Interrogatory 12.6:**

Yes. Costco made a report. They took photos of my shoes and the area.

**Form Interrogatory No. 12.7:**

Have you or anyone acting on your behalf inspected the scene of the incident?  If so, for each inspection state:

    a)    the name, address, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure section 2034);

    b)    the date of the inspection.

1  **Response to Form Interrogatory No. 12.7:**

2      No.

3  **Form Interrogatory No. 13.1:**

4  Have you or anyone acting on your behalf conducted surveillance of any individual

5  involved in the incident or any party to this action?  If so, for each surveillance state:

6      a)    The name, address, and telephone number of the individual or party;

7      b)    the time, date, and place of the surveillance;

8      c)    the name, address, and telephone number of the individual who

9            conducted the surveillance.

10 **Response to Form Interrogatory No. 13.1:**

11     No.

12 **Form Interrogatory No. 13.2:**

13 Has a written report been prepared on the surveillance?  If so, for each written report

14 state:

15     a)    the title;

16     b)    the date;

17     c)    the name, address, and telephone number of the individual who prepared

18           the report;

19     d)    the name, address, and telephone number of each person who has the

20           original or a copy.

21 **Response to Form Interrogatory No. 13.2:**

22     Unknown.

23 **Form Interrogatory No. 14.1:**

24 Do you or anyone acting on your behalf contend that any person involved in the incident

25 violated any statute, ordinance or regulation and that the violation was a legal

26 (proximate cause of the incident?  If so, identify each person and the statute,

27 ordinance, or regulation.

28

1    **Response to Form Interrogatory No. 14.1:**

2         Not applicable.

3    **Form Interrogatory No. 14.2:**

4    Was any person cited or charged with a violation of any statute, ordinance, or

5    regulation as a result of this incident?  If so, for each person state:

6         a)    the name, address and telephone number of the person

7         b)    the statute, ordinance, or regulation allegedly violated;

8         c)    whether the person entered a plea in response to the citation or charge

9               and, if so, the plea entered;

10        d)    the name and address of the court or administrative agency, names of the

11              parties, and case number.

12   **Response to Form Interrogatory No. 14.2:**

13        Not applicable.

14   **Form Interrogatory No. 17.1:**

15   Is your response to each request for admission served with these interrogatories an

16   unqualified admission?  If not, for each response that is not an unqualified admission:

17        a)    state the number of the request;

18        b)    state all facts upon which you base your response;

19        c)    state the names, addresses, and telephone numbers of all persons who

20              have knowledge of those facts;

21        d)    identify all documents and other tangible things that support your

22              response and state the name, address, and telephone number of the

23              person who has each document or thing.

24

25

26

27   ///

28   ///

1    **Response to Form Interrogatory No. 17.1:**

2         Not applicable. No request for admission was served with these Interrogatories.

3

4    DATED:  10|22|20                                   Curtis Legal Group
                                                         A Professional Law Corporation
5

6

7                                               By _____
8                                                         Maria C. Jaime
                                                         Attorney for Plaintiff
9                                                         YOLANDA LOPEZ ARROYO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PROOF OF SERVICE

2    I, Linda Liesenfeld declare:

3    I am a resident of the State of California and over the age of eighteen years, and

4    not a party to the within action. My business address is Curtis Legal Group, A

5    Professional Law Corporation, 1300 K Street, Suite B, Modesto, CA 95353. On

6    October 22, 2020, I served the within document(s): YOLANDA LOPEZ RESPONSE TO
     FORM INTERROGATORIES, SET ONE

7
     _____    by transmitting via facsimile the above listed documents(s) to the fax
8                 number(s) set forth below on this date before 5:00 p.m.

9
         x        by placing the documents(s) listed above in a sealed envelope with
10                postage thereon fully prepaid, for collection and mailing at said business
                  address, addressed as set forth below. I am readily familiar with the
11                business practice for collection and processing of documents for mailing
                  with the United States Postal Services; the documents served will be
12                deposited today with the United States Postal Service in the ordinary
                  course of business.
13
     _____    by personally delivering the documents(s) listed above to the person(s) at
14                the address(es) set forth below.

15   Matthew C. Jaime
16   MATHENY SEARS LINKERT & JAIME LLP
     3638 American River Drive
17   Sacramento, CA 95864

18

19       I declare under penalty of perjury that the foregoing is true and correct.

20   Executed on October 22, 2020, at Modesto, CA.

21

22

23

24                              Linda Liesenfeld, Assistant

25

26

27

28

                                                                                    2

# EXHIBIT D

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
3638 American River Drive
Sacramento, California 95864
Telephone:     (916) 978-3434
Facsimile:      (916) 978-3430

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

Electronically Filed
9/17/2020 10:32 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Joshua Teixeira, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF STANISLAUS

| | |
|---|---|
| YOLANDA LOPEZ,<br><br>                    Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE<br>CORPORATION and DOES 1 to 25,<br>inclusive,<br><br>                    Defendant. | Case No.  CV-20-002694<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint filed: 6/18/20 |

Defendant COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"] hereby

sets forth its Answer and Affirmative Defenses to Plaintiff YOLANDA LOPEZ's Complaint for

Damages and demands trial by jury.

                                        I

        COSTCO denies each and every, all and singular, generally and specifically, the allegations

in said Complaint, and each and every part thereof; denies that plaintiff has been injured or

damaged in any sum or manner whatsoever as a result of the action or inaction of COSTCO, and

further denies that plaintiff is entitled to any further relief whatsoever from COSTCO.

///

1

*ANSWER TO COMPLAINT*

**II**

1   AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to

2   plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

3   COSTCO is informed and believes and thereon alleges, that at the time and place of the events

4   described in plaintiff's Complaint, plaintiff was herself, careless, negligent or otherwise legally at

5   fault, and that said carelessness, negligence or other legal fault on the part of plaintiff proximately

6   caused or contributed to, in whole or in part, the injuries, losses and damages complained of, if

7   any there are, by reason of these premises, plaintiff's Complaint is barred, or her recovery is

8   reduced in direct proportion to the amount of contributory or other legal fault.

**III**

9   AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to

10  plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

11  COSTCO is informed and believes and thereon alleges, that at the time and place of the events

12  described in plaintiff's Complaint, persons and entities as yet unknown to COSTCO were careless,

13  negligent or otherwise legally at fault, and that such conduct proximately caused or contributed to

14  the losses and damages, complained of by plaintiff, if any there are, and that liability should be

15  apportioned among COSTCO and said persons and entities based upon respective percentages of

16  fault.

**IV**

17  AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to

18  plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

19  COSTCO alleges that in the event plaintiff recovers judgment against COSTCO, said judgment

20  should be apportioned under equitable principles of comparative fault based upon percentages of

21  liability attributable to each defendant or responsible person or entity.

**V**

22  AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to

23  plaintiff's Complaint, COSTCO alleges that plaintiff's Complaint fails to state facts sufficient to

24  state a cause of action against COSTCO.

2

*ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1

2                                                 **VI**

**AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

3 plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

4 plaintiff's Complaint, the court lacks personal jurisdiction over COSTCO.

5                                                **VII**

6         **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

7 plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

8 plaintiff's Complaint, the court lacks subject matter jurisdiction over COSTCO.

9                                              **VIII**

10         **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

11 plaintiff's Complaint, COSTCO alleges that plaintiff lacks capacity to sue for the claims set forth

12 therein.

13                                              **IX**

14         **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

15 plaintiff's Complaint, and to each and every cause of action contained therein, COSTCO alleges

16 that plaintiff, with the exercise of reasonable diligence and effort, would have and could have

17 mitigated the damages alleged in said Complaint, if any there are, and that the resultant damages,

18 if any, complained of in said Complaint were directly and proximately caused by the failure,

19 neglect and refusal of plaintiff to exercise reasonable diligence in an effort to mitigate the damages

20 alleged.

21                                              **X**

22         **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

23 plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

24 COSTCO is informed and believes and thereon alleges that the injuries of which plaintiff

25 complains, are the proximate result of the acts, errors or omissions, negligence or other legal fault

26 of parties, codefendants, persons, partnerships, corporations and entities, both named and

27 unnamed. By virtue of the provisions of California Civil Code sections 1431 et seq. (Proposition

28 51, adopted June 3, 1986), COSTCO respectfully requests that damages, if any, be allocated and

3

1  apportioned amongst all causative factors and that COSTCO be found legally responsible only for

2  COSTCO's determined share of legal fault.

3                                    XI

4       **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

5  plaintiff's Complaint on file herein, COSTCO alleges that plaintiff's Complaint is barred by the

6  applicable statute of limitations set forth in the California Code of Civil Procedure.

7                                    XII

8       **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

9  COSTCO did not have either actual or constructive notice, or had inadequate notice, of the alleged

10 dangerous condition described in the Complaint or that said condition had existed for a sufficient

11 time prior to the accident described in the Complaint for measures to have been reasonably taken

12 to protect against, remedy, or warn of the alleged condition.

13                                   XIII

14      **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

15 at the time of the accident described in the Complaint, COSTCO did not have any care, custody,

16 control, or supervision over the area where said accident allegedly occurred.

17                                   XIV

18      **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

19 the dangerous condition or defects allegedly existing on the premises described in the Complaint,

20 if said condition or defects existed, which is expressly denied, then said condition or defects were

21 or should have been open and obvious to plaintiff, and therefore no warning about said condition

22 or defects was necessary or required.

23                                   XV

24      **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

25 plaintiff's Complaint on file herein, the COSTCO alleges that at the time and place referred to in

26 plaintiff's Complaint, plaintiff voluntarily assumed the risk of injury and damage to herself and

27 that any injury or damage suffered by said plaintiff at said time and place was voluntarily assumed

28 by her.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

4

*ANSWER TO COMPLAINT*

XVI

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, and to each and every purported cause of action contained therein, COSTCO alleges that the risk of injury created by the alleged condition of property was minor, trivial or insignificant in light of the surrounding circumstances and did not create a substantial risk of injury. Plaintiff is therefore barred entirely from recovery against COSTCO, or alternatively, plaintiff should have the recovery, if any, proportionally reduced.

XVII

**AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to plaintiff's Complaint on file herein, COSTCO alleges that COSTCO presently has insufficient knowledge and information upon which to form a belief as to whether COSTCO may have additional, as yet unstated, defenses. Accordingly, COSTCO reserves the right to assert additional defenses in the event discovery and investigation reveals a factual and legal basis for such affirmative defenses.

WHEREFORE, COSTCO prays:

1.      Plaintiff take nothing against it by her Complaint:

2.      Defendant has judgment for its costs of suit; and

3.      Such other and further relief as the court deems just and proper.

Dated: September 14, 2020

**MATHENY SEARS LINKERT & JAIME LLP**

By: _____
MATTHEW C. JAIME, ESQ.
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5

*ANSWER TO COMPLAINT*

1   **LOPEZ v. COSTCO**
    **STANISLAUS COUNTY SUPERIOR COURT CASE NO.   CV-20-002694**
2

3                            **PROOF OF SERVICE**

4          I am a citizen of the United States and employed in Sacramento County. I am over the age
    of eighteen years and not a party to the within-entitled action. My business address is 3638
5   American River Drive, Sacramento, CA 95864.  On this date, I served:

6                          **ANSWER TO COMPLAINT**

7   {X}   **BY MAIL.**  By placing a true copy thereof enclosed in a sealed envelope, with postage
          thereon fully prepaid, in the United States Post Office mail box at Sacramento, California,
8         addressed as set forth below. I am readily familiar with my firm's practice of collection and
          processing correspondence for mailing. It is deposited with the U.S. Postal Service on the
9         same day in the ordinary course of business. I am aware that on motion of party served,
          service is presumed invalid if postal cancellation date of postage meter date is more than 1
10        day after date of deposit for mailing in affidavit.

11  [  ]  **BY PERSONAL SERVICE.**  I caused such document(s) to be personally hand delivered
          on this same date to the person(s) as set forth below.

12  [  ]  **BY FACSIMILE TRANSMISSION.**  I transmitted such document(s) by facsimile
          machine to the facsimile number for the person(s) as set forth below.
13

14  [  ]  **BY ELECTRONIC MAIL:** by sending the attached document via electronic mail to the
          **e-mail addresses set forth below:**

15  [  ]  **BY OVERNIGHT COURIER.**  By placing a true copy thereof enclosed in a sealed Federal
          Express envelope, with the correct fee to be paid, in the correct drop box at Sacramento,
16        California, addressed as set forth below. I am readily familiar with my firm's practice of
          collection and processing Federal Express for overnight delivery.
17

18  | Maria C. Jaime | Attorney for Plaintiff LOPEZ |
    | Curtis Legal Group, A Prof. Law Corp. | |
19  | PO Box 3030 | |
    | 1300 K St., Suite B | |
20  | Modesto, CA 95353 | |
21  | T: 209-521-1800 | |
    | F: 209-572-3501 | |
22  | Email: majime@curtislegalgroup.com | |

23         I declare under penalty of perjury, according to the laws of the State of California, that the

24  foregoing is true and correct.

25         Executed this 17 day of September, 2020, at Sacramento, California.

26
                                    _Roxana Rincon_
27                                  Roxana Rincon

28

                                    1
                            *PROOF OF SERVICE*

---

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO  CALIFORNIA  95864