1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    YOLANDA LOPEZ,                           No. 1:20-cv-01654-DAD-HBK

12              Plaintiff,

13        v.                                   ORDER DENYING PLAINTIFF'S MOTION
                                               TO REMAND
14    COSTCO WHOLESALE
      CORPORATION,                             (Doc. No. 5)
15
                Defendant.
16

17           This matter is before the court on plaintiff Yolanda Lopez's motion to remand this action

18    to the Stanislaus County Superior Court. (Doc. No. 5.) Pursuant to General Order No. 617

19    addressing the public health emergency posed by the coronavirus pandemic, on May 29, 2020, the

20    court took this matter under submission to be decided on the papers, without holding a hearing.

21    The court has considered the parties' briefs and, for the reasons explained below, will deny

22    plaintiff's motion to remand.

23                                         **BACKGROUND**

24           On June 18, 2020, plaintiff filed the complaint against defendant in Stanislaus County

25    Superior Court asserting claims of premises liability and negligence following her slip and fall

26    while patronizing at defendant's store. (Doc. No. 1 at 8–11.) The complaint alleges that

27    defendant is a corporation with its principal place of business in California, but the complaint

28    does not allege plaintiff's residence or domicile. (*Id.* at 9 (noting only that Stanislaus County

                                                    1

1    Superior Court is the proper court because "the principal place of business of a defendant

2    corporation . . . is in its jurisdictional area.").)

3           Defendant removed the case to this federal court on November 11, 2020 on the basis of

4    diversity jurisdiction.  (*Id.* at 2.)  Defendant asserts that it is a Washington corporation with its

5    principal place of business in Issaquah, Washington, and that plaintiff is a citizen of California at

6    the time of filing.  (*Id.*)  In its notice of removal, defendant asserts that the removal is timely

7    because defendant did not learn of plaintiff's domicile in California until plaintiff served her

8    responses to form interrogatories on October 26, 2020.  (*Id.* at 5.)

9           On December 16, 2020, plaintiff filed a motion to remand, arguing that defendant's notice

10   of removal was untimely.  (Doc. No. 5-2 at 2.)  Plaintiff states that although defendant's claims

11   adjuster received a copy of the complaint via email on June 23, 2020, the complaint was not

12   served on defendant until September 3, 2020 due to an error by the process server.  (*Id.*)  On

13   September 2, 2020, the day before service was effectuated, plaintiff emailed defendant a copy of

14   a demand letter dated February 4, 2020 with a copy of plaintiff's medical records.  (*Id.* at 3.)

15   Plaintiff contends that the medical records "repeatedly contained Plaintiff's address in Stanislaus

16   County, California" such that defendant was aware of plaintiff's residence no later than

17   September 2, 2020.  (*Id.*)   Thus, according to plaintiff, defendant's notice of removal needed to

18   be filed within thirty days of September 2, 2020, rendering its filing on November 11, 2020

19   untimely.

20          On December 24, 2020, defendant filed its opposition to the pending motion, and plaintiff

21   filed her reply thereto on January 6, 2021.  (Doc. Nos. 7, 8.)

22                                      **LEGAL STANDARD**

23   **A.     Removal Jurisdiction**

24          A suit filed in state court may be removed to federal court if the federal court would have

25   had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

26   originally filed in state court presents a federal question or where there is diversity of citizenship

27   among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

28   1332(a).  An action may be removed to federal court on the basis of diversity jurisdiction only

                                              2

where there is complete diversity of citizenship.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  For diversity purposes, a person is a citizen of a state if they are:  (1) a citizen of the United States and (2) domiciled in that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  The domicile of a party "for purposes of diversity is determined as of the time the lawsuit is filed."  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (internal citation omitted).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

28 U.S.C. § 1446(b) sets forth two separate thirty-day provisions that govern the time to remove a case from state court to federal court.  First, a notice of removal must be filed within thirty days of defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Second, if the pleading does not indicate the case is removable, the thirty-day deadline for removal does not begin to run until defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Defendants "need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'"

3

1     *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker*

2     *v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  "The type of document that

3     constitutes an 'other paper' for the purposes of the statute is broad, reflecting courts' 'embracive

4     construction' of the term."  *Thomas v. CVS Health Corp.*, No. 2:19-cv-04283-R-FFM, 2019 WL

5     3526344, at *2 (C.D. Cal. Aug. 1, 2019) (quoting *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d

6     1093, 1097 (W.D. Wash. 2009)).  Federal courts have held a variety of documents, including

7     responses to request for admissions, settlement offers, interrogatory responses, deposition

8     testimony, demand letters, and emails estimating damages, to qualify as an "other paper."  *Osorio*

9     *v. Hol-Mac Corp.*, No. 3:20-cv-00236-JCS, 2020 WL 1240165, at *2 (N.D. Cal. Mar. 15, 2020)

10     (internal citations omitted) (compiling cases).  However, binding circuit precedent specifically

11     instructs both that a pre-suit demand letter cannot constitute "other paper" within the meaning of

12     28 U.S.C. § 1446(b) and that such a document cannot be read in context with an indeterminate

13     complaint to create a hybrid removal period.  *See Carvalho v. Equifax Information Services, LLC*,

14     629 F.3d 876, 885–86 (9th Cir. 2010); *see also Godoy v. Family Dollar, Inc.*, No. 1:16-cv-00969-

15     DAD-JLT, 2016 WL 4925826, at *4 (E.D. Cal. Sep. 15, 2016).

16     **B.**    **Determination of Domicile**

17         A person's domicile is their permanent home where they reside with the intention to

18     remain or to which they intend to return.  *See Lew*, 797 F.2d at 749.  A person who resides in a

19     particular state is not necessarily domiciled there, and thus is not necessarily a citizen of that

20     state.  *See, e.g.*, *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is

21     physical, whereas domicile is generally a compound of physical presence plus an intention to

22     make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on

23     the slender thread of intent alone, as for instance where one is a wanderer over the earth.

24     Residence is not an immutable condition of domicile.").  The Ninth Circuit has not adopted the

25     presumption that a person's residence is prima facie evidence of the person's domicile.

26     *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) (citations omitted).

27     Courts in the Ninth Circuit must consider a variety of factors, including:  "current residence,

28     voting registration and voting practices, location of personal and real property, location of

brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750 (citing authorities).  Domicile is determined based on "objective facts," with no single controlling factor, and "statements of intent are entitled to little weight when in conflict with facts." *Id.*

## ANALYSIS

Here, it is disputed whether defendant's removal of this action to this federal court was timely.  Plaintiff asserts that defendant knew plaintiff's residence was in California based on medical records attached to a copy of the February demand letter sent to defendant on September 2, 2020, and that defendant therefore was required to remove this action to federal court within thirty days of the receipt of those medical records.  (Doc. No. 5-2 at 3–4.)  Defendant argues that the complaint was not removable because the medical records were initially provided on February 4, 2020, prior to the filing of the complaint on June 18, 2020, and therefore is not an "other paper" contemplated by 28 U.S.C. § 1446(b) that would trigger the 30-day removal period.  (Doc. No. 7 at 5.)  Defendant also asserts that even if the medical records attached to plaintiff's demand letter constitute "other papers," they merely provide jurisdictional clues as to plaintiff's possible domicile, which is insufficient to trigger the time limit contemplated by 28 U.S.C. § 1446(b).  (*Id.* at 6.)

It is undisputed that the original demand letter and plaintiff's medical records were sent to defendant on February 4, 2020; the complaint was filed on June 18, 2020; a copy of the complaint was forwarded to defendant's counsel on June 23, 2020; a copy of the February 4, 2020 demand letter and attached medical records were sent to defendant on September 2, 2020; the complaint was served on defendant on September 3, 2020; and plaintiff returned her responses to defendant's form interrogatories on October 26, 2020.  (Doc. Nos. 5-2 at 2–3; 7 at 2, 5.)

Here, the face of plaintiff's pleading did not affirmatively reveal information that triggered the thirty-day removal period based on diversity jurisdiction because the pleading (Doc. No. 1) did not state plaintiff's residency nor her citizenship.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005).  Diversity jurisdiction is based on the citizenship of

the parties at the time the complaint is filed.  *See Kanter*, 265 F.3d at 857 (parties' actual

citizenship, not residency, determines diversity); *Smith v. Sperling*, 354 U.S. 91, 93, n. 1 (1957)

(diversity of citizenship is determined at the filing of the complaint).  Thus, this action was not

removable to federal court on the basis of plaintiff's initial pleading.

      In the Ninth Circuit, "any document received prior to receipt of the initial pleading cannot

trigger the second thirty-day removal period" contemplated by 28 U.S.C. § 1446(b) upon the

receipt of "other papers."  *Carvalho*, 629 F.3d at 885–86.  Here, plaintiff initially provided her

medical records to defendant on February 4, 2020 as an attachment to a pre-litigation demand

letter.  (Doc. Nos. 5-2 at 3; 7 at 5.)  The pre-litigation demand letter and attached medical records

received February 4, 2020 are not "other papers" pursuant to 28 U.S.C. § 1446(b) because they

were received prior to the filing of the complaint.  *See Carvalho*, 629 F.3d at 885–86.  Defendant

emphasizes that the September 2, 2020 copy of plaintiff's prelitigation demand letter and medical

records were sent prior to defendant being served the complaint on September 3, 2020.  (Doc. No.

7 at 5.)  However, and most importantly, plaintiff's complaint was filed on June 18, 2020 and

defendant's counsel received a copy of that complaint via email on June 23, 2020.  (Doc. No. 5-7

at 2.)  The thirty-day removal period begins to run upon "receipt by the defendant, through

service *or otherwise*, of a copy of an amended pleading, motion, order or other paper" that

provides the grounds for removal.  28 U.S.C. § 1446(b) (emphasis added).  Unlike in *Carvalho*,

where the pre-litigation demand was sent "months before receipt of the initial pleading," here,

defendant received a copy of the complaint by way of email (*see* Doc. Nos. 5-1 at 2, 15; 5-2 at 2)

five days *after* plaintiff's complaint was filed.  *See Carvalho*, 629 F.3d at 885–86.  Defendant

subsequently received the copy of plaintiff's February demand letter and the attached medical

records on September 2, 2020, nearly three months after having already received a copy of

plaintiff's initial pleading.  (Doc. No. 7 at 5.)

      Defendant urges the court to find that a copy of a prelitigation demand letter and its

attached documents, sent and received informally after the filing of the complaint without

indication that the demand was being renewed, can never qualify as an "other paper" under 28

U.S.C. § 1446(b).  (*Id.* at 6.)  Although federal courts have not specifically addressed whether

such documents constitute "other paper," they have also not applied a narrow interpretation of the statute, instead finding that a variety of documents exchanged between the parties in the same case may constitute an "other paper." *See Ritchie v. Williams*, 395 F.3d 283, 287 (6th Cir. 2005) (finding that the thirty-day removal period was triggered by production of a contract showing that state law claims were preempted by federal law); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (implying that both a police report and interrogatory responses produced by the plaintiff were "other papers" that triggered the beginning of the removal period); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 980 (M.D. Fla. 1978) (finding that discovery documents, including a letter from a doctor establishing plaintiff's disability, were sufficient to start the thirty-day clock because they established the amount in controversy). The court need not resolve this issue in disposing of the pending motion. That is because, even if the copy of plaintiff's medical records and demand letter sent to defendant on September 2, 2020 constituted "other paper" under 28 U.S.C. § 1446(b), the thirty-day removal period did not commence upon defendant's receipt of those documents.

Plaintiff did not serve or otherwise provide defendant with documents from which removability was clear. Plaintiff argues that because the medical records sent on September 2, 2020 "repeatedly contained Plaintiff's address in Stanislaus County, California," the documents were sufficient to notify defendant of her domicile, and thus grounds for removability. (Doc. No. 5-2 at 2.) However, even if the fewer than five mentions of plaintiff's address in the medical records spanning 80 pages notified defendant of plaintiff's residence in California, residency alone does not provide a sufficient basis to establish a party's citizenship for the purposes of diversity jurisdiction in the Ninth Circuit. *See Kantor*, 704 F.2d at 1090 (citizenship, not residency, determines diversity); *Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Based on the record before the court, plaintiff provided no other jurisdictional clues in her complaint or in other documents that, taken into consideration with the medical records, could have established that she was domiciled in California at the time the complaint was filed until she served her responses to defendant's form interrogatories on October 26, 2020. (Doc. No. 1 at 5). As such, the thirty-day

1   time limit for removal under 28 U.S.C. § 1446(b) did not commence until October 26, 2020.

2   Accordingly, the court will deny plaintiff's motion to remand because defendant's notice of

3   removal was timely.

4                                   **CONCLUSION**

5           For the reasons set forth above, plaintiff's motion to remand (Doc. No. 5) is denied.

6   IT IS SO ORDERED.

7       Dated:   **February 10, 2021**                                    _____

8                                                    UNITED STATES DISTRICT JUDGE